James A. Morris, Jr., Esq. (SBN 296852)
jmorris@jamlawyers.com
Shane E. Greenberg, Esq. (SBN 210932)
sgreenberg@jamlawyers.com
**MORRIS LAW FIRM**
4001 West Alameda Avenue, Suite 208
Burbank, CA  91505
Tel:  (747) 283-1144
Fax: (747) 283-1143

Amanda Klevorn, Esq.  (*Pro Hac Vice Forthcoming*)
aklevorn@burnscharest.com
Korey A. Nelson, Esq.  (*Pro Hac Vice Forthcoming*)
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Tel:  (504) 799-2845
Fax: (504) 881-1765

Martin P. Schrama (*Pro Hac Vice Forthcoming*)
mschrama@stark-stark.com
Stefanie Colella-Walsh (*Pro Hac Vice Forthcoming*)
scolella-walsh@stark-stark.com
**STARK & STARK**
993 Lenox Drive, Building 2
Lawrenceville, NJ 08648
Tel:  (609) 896-9060
Fax: (609) 896-0629

Attorneys for Plaintiff's SHANKAR NINAN & CO., LLP and the class

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANKAR NINAN & CO., LLP, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> INTUIT INC. and DOES 1-50, inclusive <br><br> Defendants. | CASE NO.: <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **1. Breach of Contract** <br> **2. Fraud** <br> **3. Conversion** <br> **4. Violation of California's** <br> **5. Consumer Legal Remedies Act** <br> **6. Violation of California's** <br> **7. Unfair Competition Law** |

1

**CLASS ACTION COMPLAINT**

Plaintiff Shankar Ninan & Co., LLP ("Shankar Ninan"), individually and on behalf of the class defined below, makes the following allegations based upon information and belief, except as to allegations specifically pertaining to itself, which are based on personal knowledge.

**INTRODUCTION**

1.  QuickBooks is a software package owned and developed by Intuit that provides bookkeeping and business accounting services for millions of users within the United States. QuickBooks offers on-premises and cloud-based accounting applications that accept business payments, pay bills, and manage payroll functions. Historically, one of the benefits of using QuickBooks was the ability to receive ACH payments within two-to-seven business days without paying a fee.

2.  Prior to March 11, 2021, QuickBooks users had the option to process ACH payments in two-to-seven busines days without being charged a fee, or in one business day for a fee of 1% of the total transferred amount.

3.  On March 11, 2021, Plaintiff and other QuickBooks users received an e-mail from The QuickBooks Team informing them that all future ACH payments would be processed in one business day "with no extra fees."

4.  Despite explicitly assuring customers that "no extra fees" would be charged for the new "next day deposits," QuickBooks began charging a 1% transaction fee for ACH transfers, with a maximum charge of $10.00 per transaction.

5.  As a result of this scheme, QuickBooks purposely misled and breached its agreement with its users, and generated ill-gotten profits from unsuspecting clients who relied on the company's misrepresentations.

**PARTIES**

6.  Plaintiff Shankar Ninan & Co. LLP is a law firm and limited liability partnership organized and operated under the laws of the State of New York. Plaintiff has two partners, both

citizens of the State of New Jersey. Plaintiff began using QuickBooks to handle its ACH transfers in 2017.

7.      Defendant Intuit Inc. ("Intuit" or "QuickBooks") is headquartered in Mountain View, California, and incorporated under the laws of the State of Delaware. Intuit developed, markets, operates, and owns QuickBooks, an accounting software package geared toward small and medium-sized businesses and individual contractors.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because Plaintiff and Defendant are citizens of different States. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, transacts business in this District, and its principal place of business is located in this District.

10.     This court has personal jurisdiction over Defendant because it has conducted substantial business in this District, and intentionally and purposefully placed its accounting software into the stream of commerce within the Districts of California and throughout the United States. Additionally, Defendant's corporate headquarters are located within this District in Mountain View, California.

## ALLEGATIONS

11.     Intuit Inc. is a business and financial software company that develops and sells financial, accounting, and tax preparation software including TurboTax, QuickBooks, and Mint. QuickBooks is an accounting software package geared mainly toward self-employed individuals and small and medium-sized businesses. The software accepts business payments, manages and pays bills, and runs payroll functions. Intuit had revenues of $7.7 billion for fiscal year 2020 (ending July 31, 2020), a 13% growth year-over-year from fiscal year 2019.

12.     Historically, Intuit allowed QuickBooks users to receive ACH payments within two-to-seven business days without charging any fee. Alternatively, users also had the option to receive payments in only one business day for a transaction fee of 1% of the total amount transferred.

13.     On or about March 11, 2021, QuickBooks users received an email from Intuit E-Commerce Service with the subject line "Here come next-day deposits." The simple, three-sentence email informed customers that, moving forward, ACH payments would be transferred by the "next business day." It also reassured customers that there is "[n]othing to do – everything's been handled already," and that there would be "no extra fees."



14.     However, despite QuickBooks's blatant assurance that "no extra fees" would apply to the now automatic one-day transfers, QuickBooks began charging a 1% transaction fee (maximum $10.00 fee) for all ACH transfers that very same day.

///

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

15.     QuickBooks provided no option for users to opt-out of the automatic one-day transfers and maintain the free two-to-seven-day option.

16.     Unsurprisingly, QuickBooks users were taken aback by these unexpected charges, and many have expressed their displeasure online.

ny have expressed their displeasure online.

posted March 20, 2021 07:49 AM

I understand that, but I have been using this feature for my accounting business for over a year with no transaction fees.  I signed up for this feature because it was free and to test it out for my clients.  Why am I now being charged transaction fees?

posted April 27, 2021 02:32 PM

This is the worst time to implement a 1% charge for ACH payments. I have had this service for years and this was free.  My business is already struggling and then to see this charge that I was not aware of this increase. I don't need my money in our bank account within 1-2 business days, I was just fine with receiving it within 5 business days with no charge. This is unbelievable its almost like you want businesses to shutdown even more.

posted May 07, 2021 09:35 AM

This seems ridiculous. What if I don't care about the speed of deposit? I have been using QBOnline for my business since 2012 and one of the best features was the NO charge for bank transfers from my customers.  There should be an option to opt out of the "1%" charge. I shouldn't have to pay $10 for bank transfers.

Definitely unhappy with this update.

posted June 26, 2021 05:41 AM

I was told I would be grandfathered in and not be charged for ACH payments. I have worked really hard to get my customers to use ACH instead of CC.
Now instantly I'm being charged. This is a huge expense for me as I have 600 customers.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

17.     The timing of QuickBooks's misleading switch to one-day transfers with a 1% transaction fee was especially insulting to users given the financial implications of the COVID-19 pandemic and its associated impact on individual contractors and small business owners, who comprise a majority of QuickBooks's user base. One QuickBooks user shared that "[t]his is the worst time to implement a 1% charge for ACH payments . . . My business is already struggling and then to see this charge that I was not aware of this increase." Another user shared that QuickBooks's change from free two-to-seven-day transfers to mandatory one-day transfers with a 1% transaction fee created "a huge expense for me as I have 600 customers."

18.     Furthermore, in response to customer complaints and in direct contradiction to its e-mail communication assuring users that their one-day ACH transfers would be subject to "no extra fees," the QuickBooks team posted the following message on the QuickBooks Support page: "Starting April 2021, ACH payments will deposit the next business day and you'll be charged a 1% transaction fee (max $10) on each transaction. That's why you're now being charged transaction fees."



**MichelleBh** EMPL
QuickBooks Team                                                          ⋮

posted March 20, 2021 08:50 AM

Thank you for the quick reply, @mporterpas.

I appreciate you for understanding and using our products for over a year. Let me share with you some information about processing fees in QuickBooks.

Currently, there are changes to QuickBooks Online Payments Bank Transfer (ACH) Deposit Speed and Pricing. Starting April 2021, ACH payments will deposit the next business day and you'll be charged a 1% transaction fee (max$10) on each transaction. That's why you're now being charged transaction fees.

This price increase helps us to continue investing in and innovating our products and services. Also allows us to continue adding new features that can help you manage your business. I understand that this costs you much than what is used to. So, I'll take note of this idea.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

19.     Ironically, this post was made on March 20, 2021. In that post, the QuickBooks team both informed customers that ACH payments would be subject to a 1% transaction fee "starting April 2021," and told customers that this change was the reason they were "now being charged transaction fees" during the month of March. Clearly, QuickBooks's incorrect and misleading communications extend beyond its e-mail communications.

20.     Despite receiving a multitude of user complaints on public message boards and through private channels, QuickBooks has not reversed any transaction fee charges or changed its policy.

21.     As a result of QuickBooks's deceptive tactics, users processed one-day ACH transfers under the impression that they would not be charged any transaction fee for doing so.

22.     QuickBooks breached its agreement with users by charging a 1% transaction fee for ACH transfers after asserting that "no extra fees" would be associated with these transfers. Indeed, QuickBooks intentionally misled users into processing these costly transfers, knowing that many users would not make ACH transfers through QuickBooks if they were aware that such transfers would be subject to a fee.

23.     QuickBooks used deceptive communication tactics and intentionally misled users in order to maximize its own profits at the expense of individuals and small business owners, many of whom were already struggling economically as a result of the COVID-19 pandemic.

## FACTS AS TO PLAINTIFF

24.     Plaintiff Shankar Ninan is a New York based law firm that used QuickBooks to process ACH transfers via the two-to-seven-day option to avoid paying the 1% transaction fee associated with one-day transfers.

25.     On March 11, 2021, Plaintiff's owner, Gigio Ninan, received an e-mail from The QuickBooks Team informing him that all future ACH payments would be processed in one business day "with no extra fees." Relying on QuickBooks's explicit assurance that no fees would be charged, Plaintiff continued to use QuickBooks to process ACH transfers.

26.     However, despite QuickBooks's explicit assurances, Plaintiff was charged a 1% transaction fee for all ACH payments received after March 11, 2011. As of August 31, 2021, Plaintiff has been charged $4,327.45 by QuickBooks for ACH transaction fees under the new policy.

27.     Plaintiff did not consent to be charged a 1% transaction fee for ACH transfers.

28.     Plaintiff's co-owner, Gigio K. Ninan, petitioned QuickBooks via letter and telephone to issue a refund. A QuickBooks representative acknowledged that the change to the mandatory one-day ACH transfers with an associated 1% fee was "confusing," but rather than refunding the Plaintiff's money in full, only offered a $7 refund per transaction. Plaintiff declined this arbitrary offer. To date, QuickBooks has refused to fully refund Plaintiff's money.

## CLASS ACTION ALLEGATIONS

29.     Description of the Class: Plaintiff brings this class action on behalf of itself and all other similarly situated individuals. Pursuant to Federal Rules of Civil Procedure 23(b)(2), (b)(3), and (c)(4), as applicable, Plaintiff seeks certification of the following class of individuals:

> All residents of the United States who used QuickBooks to process ACH payments and were automatically switched from free two-to-seven-day transfers to one-day transfers with a 1% transaction fee (the "Class").

30.     Excluded from the class are Defendant's officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns. Also excluded from the class are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

31.     Numerosity: The proposed class is so numerous that individual joinder of all members is impracticable.

32.     Common Questions of Law and Fact Predominate: There are many questions of law and fact common to Plaintiff and members of the class, and those questions substantially predominate over any questions that may affect individual class members. Common questions of law and fact include, but are not limited to:

a.   Whether QuickBooks breached its obligations to its users under the QuickBooks  Terms and Conditions;

b.   Whether QuickBooks intentionally misled customers through its e-mail communications;

c.   Whether Plaintiff and members of the class suffered injury, including ascertainable losses, as a result of QuickBooks's breach of contract, deceptive trade practices, intentional omissions and blatant misrepresentations;

d.   Whether QuickBooks's conduct constituted unfair and deceptive trade practices actionable under applicable consumer protection laws;

e.   Whether Plaintiff and members of the class are entitled to recover actual damages and/or statutory damages; and

f.   Whether Plaintiff and members of the class are entitled to equitable relief, including injunctive relief and restitution.

33.   All members of the proposed class are ascertainable by objective criteria. QuickBooks has access to addresses and other contact information for members of the class, which can be used to provide notice to many class members.

34.   Typicality: Plaintiff's claims are typical of the claims of the members of the proposed class. Plaintiff and all members of the class have been similarly affected by the actions of Defendant.

35.   Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of members of the class. Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation. Plaintiff and counsel are committed to vigorously prosecuting this action on behalf of class members and have the financial resources to do so.

36.   Superiority of Class Action: Plaintiff and the members of the class suffered, and will continue to suffer, harm as a result of Defendant's conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

joinder of all members of the class is impractical. Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members.

## COUNT I

### Breach of Contract

### (On Behalf of Plaintiff and the Class)

37.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

38.     Plaintiff brings this cause of action on behalf of itself and the Class.

39.     A valid, enforceable contract existed between QuickBooks and Plaintiff and all members of the Class, which is evidenced by the fact that Plaintiff and all members of the Class utilized QuickBooks's accounting software for business services, including ACH bank transfers. Specifically, QuickBooks contracted with Plaintiff and all members of the Class to provide one-day ACH transfers in exchange for a transaction fee of 1% of the total transferred amount or two-to-seven day ACH transfers for no fee.

40.     The actions and/or omissions of QuickBooks described herein constitute a breach of contract. QuickBooks breached its duties and obligations to Plaintiff and all members of the Class and third-party beneficiaries by:

a.     Switching all users to one-day ACH transfers with a 1% fee without their consent;

b.     Representing to users that, following March 11, 2021, all one-day ACH transfers would be processed with "no extra fees;"

10

c. Nevertheless, subjecting users to 1% transaction fee charges for all ACH transfers processed after March 11, 2021.

41. Plaintiff and members of the Class have been damaged by QuickBooks's breach of its contractual obligations because they were charged a 1% transaction fee for one-day ACH transfers that they never contracted to pay.

42. Plaintiff individually and on behalf of the Class seeks recovery for damages, equitable relief, and injunctive relief requiring QuickBooks to comply with its contractual obligations.

## COUNT II

### Fraud (fraudulent misrepresentation and fraudulent inducement)

### (On Behalf of Plaintiff and the Class)

43. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

44. Plaintiff brings this cause of action on behalf of itself and the Class.

45. QuickBooks made misrepresentations that all ACH transfers processed through its services subsequent to March 11, 2021 would "go to [the user's] account next business day" and would be subject to "no extra fees."

46. QuickBooks's misrepresentations were material because they substantially influenced Plaintiff and all Class members to continue using the QuickBooks software to process ACH transfers.

47. When QuickBooks made these misrepresentations, QuickBooks knew that the representations were false (or made the representations recklessly, as positive assertions, and without knowledge of their truth) because QuickBooks charged Plaintiff and members of the class a 1% transaction fee for ACH transfers subsequent to March 11. QuickBooks was aware that its users would assume that the phrase "no extra fees" was in relation to the $0.00 in fees they were currently paying for two-to-seven-day transfers and would reasonably assume that the new one-day transfers would similarly be free of charge.

11

48.     QuickBooks made the misrepresentation with the intent that Plaintiff and members of the Class act on them.

49.     Plaintiff and members of the Class relied on QuickBooks and processed one-day ACH transfers using QuickBooks software based solely on QuickBooks's misrepresentations.

50.     Plaintiff's reliance on QuickBooks's misrepresentations is supported by the fact that prior to March 11, 2021, Plaintiff had never processed a one-day ACH transfer through QuickBooks and had never been subject to an associated 1% transaction fee.

51.     QuickBooks's misrepresentations caused Plaintiff and members of the Class damages described more fully herein.

## COUNT III

### Conversion

### (On Behalf of Plaintiff and the Class)

52.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

53.     Plaintiff brings this cause of action on behalf of itself and the Class.

54.     Plaintiff and other members of the Class have an undisputed right to the monetary funds charged by QuickBooks in association with the ACH transfer transaction fees. Plaintiffs and the Class members never contracted to obtain a service in exchange for those funds or consented to transfer those funds to QuickBooks.

55.     Defendant wrongfully exercised control over and/or intentionally interfered with the rights of Plaintiff and members of the Class by charging a 1% transaction fee in association with the one-day ACH transfers.

56.     Plaintiff and the Class members did not consent to Defendant's exercise of control.

57.     Plaintiff and/or other members of the Class have requested and/or demanded that Defendant issue refunds. Defendant has refused.

58.     Defendant's interference with the rights of Plaintiff and members of the Class has harmed Plaintiff and members of the Class by depriving them of their monetary funds.

///

## COUNT IV

### California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq.

### (On Behalf of Plaintiff and the Class)

59.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

60.     Plaintiff brings this cause of action on behalf of itself and the Class.

61.     The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. ("CLRA") is a comprehensive statutory scheme that is to be liberally construed to protect consumers against unfair and deceptive business practices in connection with the conduct of businesses providing goods, property, or services to consumers primarily for personal, family, or household use.

62.     Defendant is a "person" as defined by Civil Code §§ 1761(c) and 1770 and has provided "services" as defined by Civil Code §§ 1761(b) and 1770.

63.     Plaintiff and members of the Class are "consumers" as defined by Civil Code §§ 1761(b) and 1770 and have engaged in a "transaction" as defined by Civil Code §§ 1761(e) and 1770.

64.     Defendant's acts and practices were intended to and did result in the sales of products and services to Plaintiff and members of the Class in violation of Civil Code § 1770, including:

a.      Representing that goods or services have characteristics that they do not have;

b.      Representing that those goods or services are of a particular standard, quality, or grade when they are not; and

c.      Advertising goods or services with intent not to sell them as advertised.

---

[1] QuickBooks is heavily marketed to individuals and thus falls within this definition. In fact, QuickBooks Self-Employed is a software suite specifically "designed to make the lives of freelancers easier" and has been heralded as "ideal for freelancers and independent contractors." https://www.merchantmaverick.com/reviews/quickbooks-self-employed-review/. The QuickBooks website states that QuickBooks Self-Employed is "designed to help you record your self-employed income and

expenses, track mileage, and prepare your Schedule C," and its target users include people who "run a business as a sole proprietor or an independent contractor" or "are in business for [them]self (including a part-time business)." https://quickbooks.intuit.com/learn-support/en-us/business-income/quickbooks-self-employed-overview/00/370067.

65.     Defendant's representations and omissions were material because they were likely to deceive reasonable consumers into believing they would not be charged for one-day ACH transfers and continuing to use the service.

66.     Had Defendant not misled Plaintiff and members of the Class, they would not have made one-day ACH transfers via QuickBooks.

67.     As a direct and proximate cause of Defendant's violations of California Civil Code § 1770, Plaintiff and members of the Class have suffered injury and ascertainable losses of money or property through transaction fees for ACH one-day transfers when, in fact, they were led by QuickBooks to believe that such transfers would be free of charge.

68.     Concurrent with the filing of this complaint, Plaintiff has provided Defendant with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a) and currently seeks injunctive relief under the CLRA. Plaintiff reserves the right to amend this Complaint to seek monetary damages under the CLRA pursuant to California Civil Code § 1782(d).

69.     Plaintiff and members of the Class seek an order enjoining the acts and practices described above and reasonable attorneys' fees and costs under the CLRA.

## COUNT V

### California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.

### (On Behalf of Plaintiff and the Class)

70.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

71.     Plaintiff brings this cause of action on behalf of itself and the Class.

72.     Defendant violated Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL") by engaging in unfair and deceptive business acts and practices.

73.     Through the actions alleged herein, Defendant has engaged, and continues to engage, in unfair, fraudulent, and deceptive business practices in violation of the UCL.

74.     Defendant has engaged in unfair business practices by misrepresenting to consumers that their ACH transfers would continue to be processed through QuickBooks with "no extra fees." As alleged, the gravity of the harm to Plaintiff and the proposed Class from Defendant's acts and practices far outweighs any legitimate utility of that conduct; Defendant's conduct is immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff and the members of the proposed Class; and Defendant's conduct undermines or violates the stated policies underlying the California Unfair Competition Law—to protect consumers against unfair business practices and to promote a basic level of honesty and reliability in the marketplace.

75.     Defendant has also engaged in fraudulent and deceptive acts and practices by making misrepresentations likely to deceive reasonable consumers, including sending out deceptive and manipulative communications.

76.     Defendant's unfair, fraudulent, and deceptive business acts and practices include, but are not limited to:

      a.   Switching all users to automatic one-day ACH transfers with a 1% fee without adequate warning;

      b.   Deliberately choosing not to inform users that the new one-day ACH transfers would be associated with a 1% transaction fee;

      c.   Intentionally obscuring the fact that a 1% transaction fee would apply to the new one-day ACH transfers; and

      d.   Blatantly misrepresenting to users that "no extra fees" would apply to their one-day ACH payments.

77.     Defendant's representations and omissions were material because they were likely to deceive reasonable consumers into thinking that their ACH transfers would continue to be free of charge, thereby inducing consumers into continuing to use the QuickBooks ACH transfer service.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

78.    As a direct and proximate result of Defendant's unfair and fraudulent acts and practices, Plaintiff and members of the Class were injured and lost money or property, including the amounts charged by QuickBooks for the 1% transaction fee associated with one-day ACH transfers.

79.    Defendant acted intentionally, knowingly, and maliciously to violate California's Unfair Competition Law, and recklessly disregarded the rights of Plaintiff and members of the Class.

80.    Plaintiff and members of the Class seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from Intuit's unfair and fraudulent business practices; declaratory relief; reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5; injunctive relief; and other appropriate equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court:

a.    Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2), (b)(3), and/or (c)(4);

b.    Appoint Plaintiff as Class Representative and its counsel as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g);

c.    Find Defendant's conduct was unlawful as alleged herein;

d.    Enjoin Defendant from engaging in further unlawful conduct as alleged herein;

e.    Award Plaintiff and the class members nominal, actual, compensatory, consequential, and punitive damages, except that no monetary relief is presently sought for violations of the Consumers Legal Remedies Act;

f.    Award Plaintiff and class members statutory damages and penalties, as allowed by law;

g.    Award Plaintiff and class members pre-judgment and post-judgment interest;

16

h.    Award Plaintiff and class members reasonable attorneys' fees, costs, and expenses; and

i.    Grant such other relief as the Court deems just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff and members of the proposed class demand a trial by jury.

Dated: September 21, 2021                    Respectfully submitted,


By: <u>*/s/ James A. Morris Jr*</u>
James A. Morris, Esq.
Shane E. Greenberg, Esq.
MORRIS LAW FIRM
4001 W. Alameda Avenue Suite 208
Burbank, CA 91505
Tel:   747-283-1144
Fax:   747-283-1143
Attorney for Plaintiff's
SHANKAR NINAN & CO., LLP and the class

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, James A. Morris, declare as follows:

1.      I am counsel for Plaintiff, and I am the owner of Morris Law Firm.  I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

2.      The complaint filed in this action is filed in the proper place for trial because the Defendant is headquartered in this District and the misrepresentation at issue emanated from this District.  Furthermore, Plaintiff and members of the Class relied on QuickBooks and processed one-day ACH transfers using QuickBooks software based solely on QuickBooks's misrepresentations.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on September 21, 2021, at Burbank, California.

/s/ James A. Morris Jr.
James A. Morris, Jr.

19

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**